[Civ. No. 18156.   Second Dist., Div. Two.   Apr. 11, 1951.]

A. M. HARPER, Respondent, v. HELEN H. HEIZER, Appellant.

Blanche & Fueller and Charles M. Fueller for Appellant.

Leon U. Everhart, Edward P. Hart and Henry F. Walker for Respondent.

MOORE, P. J.—Appeal from judgment quieting title in plaintiff.  The complaint is in two counts, namely, (1) to quiet title; (2) to enforce a resulting trust.  Appellant demands a reversal on the grounds that the findings are not supported by the evidence and the judgment is contrary to law.

Respondent is the mother of appellant and three other children.  The property involved is a lot in Pasadena improved with three houses.  In 1937 when respondent was 67

years of age she and her husband moved their domicile from Merced to Altadena where, for a while, appellant resided with them. Five years later the aged couple purchased a small house in east Pasadena on Vista Avenue. They improved it by adding an apartment to the garage which was occupied by appellant for a year. The amount paid as rent is still in dispute and is immaterial here, but then and for some time thereafter she contributed monthly to her parents, and, after her father's decease, to her mother. The latter held such payments until they totaled $725 which sum was invested in U. S. series E bonds. After respondent sold her Merced property she assigned the $1,600 trust deed received in part payment therefor to appellant in repayment of loans the latter had previously made to her parents.

After appellant's return in 1944 and while residing at some distance from respondent, she undertook to persuade her mother to purchase a larger place on Hudson Avenue. At this she succeeded in March, 1945, notwithstanding respondent's protestations that she was comfortably situated on Vista Avenue and practically free of debt. She entered into an escrow to purchase the Hudson property for $8,000. Because she was without funds she accepted appellant's loan of $270 which she supplemented with other loans to make the initial payment of $500. Having sold the Vista Avenue home for $6,000 she was enabled to repay appellant the $270 and to consummate the new purchase by giving a note for $3,157.42, secured by a trust deed.

At the time of the purchase appellant told her mother that appellant's name would have to go on the paper in order to get the occupancy of the garage apartment on the lot and to get credit for the purpose of making all the improvements. As a result of such argument respondent caused the title to be vested in the names of herself and appellant. This is the basis of appellant's claim that the title should remain so vested although she admits that it was not to be a "regular joint tenancy title." In further support of her contention appellant argues that while respondent had paid out in remodeling and improving the structures $11,664.36, only $1,062.29 thereof had been earned by her mother at baby sitting while the rentals collected from tenants had aggregated $10,102.07. She asserts that the rentals were made possible only by virtue of her agreement to lend her credit. She now contends that she is entitled to prevail because (1) she loaned her mother $270 to make up the down payment on the pur-

chase; (2) she loaned her credit; (3) she signed the note and trust deed given as part payment for the land; (4) also, in 1947 she signed the note for $1,500 and trust deed to secure same; (5) she occupied and paid rental on the garage apartment which she furnished; (6) she paid installments aggregating $725. ■ The answers to such claims are that the $270 was repaid in 60 days after the loan. Since it did not go into the purchase price it constitutes no consideration for the title. (*Viner* v. *Untrecht,* 26 Cal.2d 261, 269 [158 P.2d 3].) Her agreement to lend credit to her mother did not take from appellant anything, nor did it cause her any detriment. Signing the trust deed in 1945 to secure payment of the $3,157 balance of the purchase price as well as the subsequent $1,500 note and trust deed cost appellant nothing. The note was repaid and the balance is being paid in monthly installments. Appellant's name on both caused her neither pecuniary loss nor spiritual distress. The payee's remedy in each instance was a foreclosure; no judgment for deficiency could have been rendered against appellant. (*Brown* v. *Volz,* 90 Cal.App.2d 793, 799 [204 P.2d 110].) If appellant occupied the garage apartment, she paid only $50 monthly while other tenants during her absence paid from $75 to $85. The court could have reasonably inferred that her payment of the lesser sum was on account of being respondent's daughter and not because the latter had an interest in the ownership of the place. If the furniture was used during appellant's absence, it was kept in a better condition than if it had lain in dust and neglect, and she suffered no expense of moving or storage. As to the $725 paid to respondent, the installments were gifts, made for respondent's support. They were not invested in the new home.

It was therefore not an unreasonable inference to find that appellant did not contribute anything of value to the purchase of the property. The judgment quieting title against appellant and in respondent is the necessary, logical sequence of such finding and therefore cannot be disturbed. (*Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [141 P.2d 732].)

■ In view of the foregoing conclusions, an extended discussion of respondent's asserted right to a resulting trust in her favor would be futile. Suffice it to say that in the absence of an express contract to the contrary, the mother's ultimate payment of the purchase price of the property naturally results in appellant's holding an apparent title to be solely for

the benefit of respondent. (Civ. Code, § 853; *Parks* v. *Parks,* 179 Cal. 472, 478 [177 P. 455].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.